**Tagged Opinion**

ORDERED in the Southern District of Florida on Apr 15, 2009



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              Chapter 7 Case

JEFFEREY ALLEN MAUSOLF,                             Case No. 08-19754-BKC-JKO

    Debtor.
_____/

## ORDER GRANTING DEBTOR'S MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

THIS MATTER came before the Court for hearing (the "Hearing") on February 26, 2009 upon Jefferey Allen Mausolf's (the "Debtor") *Motion* (the "Motion") *for*

1

*Approval of Reaffirmation Agreement* (the "Reaffirmation Agreement") [D.E. 34]. The Debtor moved the Court for approval of an agreement that would enable the Debtor to continue servicing the debt on his automobile because he wished to retain possession of the automobile, which is encumbered by a lien. The substantive issue raised by the Motion is whether a reaffirmation agreement that is negotiated prior to, but executed and filed with the court after, the granting of a chapter 7 discharge meets the requirements of, and is enforceable under, section 524(c) of title 11 of the United States Code, 11 U.S.C. sections 101, *et seq.* (the "Bankruptcy Code") and Rule 4008(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). For the reasons set forth below, the Court (i) finds that the Reaffirmation Agreement is enforceable under section 524(c) of the Bankruptcy Code because it was "made" prior to the granting of the Debtor's discharge, and (ii) will exercise its power under Bankruptcy Rule 4008(a) to enlarge the time for filing the Reaffirmation Agreement. Accordingly, the Motion is granted and the Reaffirmation Agreement is approved.

## FACTS

The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 15, 2009 [D.E. 1]. On that date, the Debtor indicated his intent to reaffirm a debt (the "Debt") owed to Wells Fargo Auto Finance ("Wells Fargo") in his Statements of Intention [D.E. 5]. The Debt is secured by a lien on the Debtor's sole automobile, a 2003 Chevrolet Monte Carlo (the "Monte Carlo").

In August of 2008, Wells Fargo sent the Debtor's first attorney a letter indicating their intent to enter into a reaffirmation agreement with the Debtor. No written agreement was executed between the parties, nor was any agreement filed with the Court

2

prior to the Debtor being granted a discharge (the "Discharge") on October 16, 2008 [D.E. 18].

Subsequent to the Discharge, the Debtor filed a *pro se* motion to reopen his chapter 7 case for the sole purpose of reaffirming the Debt, which the Court granted on February 10, 2009 [D.E. 30].[FN1] On February 23, 2009, the Debtor filed his *Motion for Approval of Reaffirmation Agreement*. Wells Fargo filed the Reaffirmation Agreement with the Court on March 3, 2009 [D.E. 38].

At the Hearing, the Debtor offered evidence by proffer of his ability to satisfy the Debt as modified by the Reaffirmation Agreement and the Reaffirmation Agreement's significance and purpose. Specifically, the Debtor established that the difference between his monthly income and actual monthly expenses is greater than the payments required by the Reaffirmation Agreement. The Debtor also showed that he cannot commute to and from work without the Monte Carlo, which Wells Fargo may repossess if the Reaffirmation Agreement is not approved.

## DISCUSSION

To be enforceable, a reaffirmation agreement must satisfy the requirements set forth in section 524(c) of the Bankruptcy Code and Bankruptcy Rule 4008. In this case, the Debtor has substantially complied with the Bankruptcy Code and the Bankruptcy Rules' requirements, leaving this Court to decide only (i) whether the Reaffirmation Agreement was "made" prior to the granting of the Discharge as required by 11 U.S.C. §

---

[FN1] The University of Miami School of Law's Bankruptcy Assistance Clinic, through Patricia Redmond, Esq., Corinne Aftimos, Esq., and two University of Miami School of Law students, Steven Sarrell and Brian Yates, represented the Debtor on a *pro bono* basis following the reopening of the Debtor's chapter 7 bankruptcy case.

524(c)(1), and (ii) whether the Court should exercise its discretion to enlarge the time for filing the Reaffirmation Agreement as provided by Bankruptcy Rule 4008(a).

**1. Making of the Reaffirmation Agreement**

Pursuant to section 524(c)(1) of the Bankruptcy Code, a reaffirmation agreement must be "made before the granting of the discharge under section 727" of the Bankruptcy Code. 11 U.S.C. § 524(c)(1). Although most courts interpreting this language look to the date of execution as a primary indication of when a reaffirmation agreement has been "made," *In re LeBeau*, 247 B.R. 537, 539-40 (Bankr. M.D. Fla. 2000) (collecting cases), *In re Picciano*, No. 07-11084-RGM, 2008 WL 1984255 (Bankr. E.D. Va. May 5, 2008) (collecting cases), the United States Bankruptcy Court for the Middle District of Florida has held, and this Court agrees, that, "under the appropriate circumstances, determination of when a reaffirmation agreement is 'made' may turn on extrinsic evidence and general contract principles." *LeBeau*, 537 B.R. at 540 (citations omitted). There is no question that a reaffirmation agreement entered into after the granting of a discharge is unenforceable.[2] However, it is this Court's opinion that, in determining when a reaffirmation agreement is "made" for purposes of 11 U.S.C. § 524(c)(1), the date of the agreement's execution is not alone dispositive.

In *In re LeBeau*, the United States Bankruptcy Court for the Middle District of Florida found "indirect support" for the idea that contract principles govern the making of a reaffirmation agreement in a footnote to an Eleventh Circuit opinion. *LeBeau*, 247 B.R.

---

[2] *See, e.g., In re Collins*, 243 B.R. 217, 219 (Bankr. D. Conn. 2000); *In re Perry*, 225 B.R. 497, 498 n. 1 (Bankr. D. Colo. 1998); *In re Whitmer*, 142 B.R. 811, 812-13 (Bankr. S.D. Ohio 1992).

at 540 (citing *Taylor v. AGE Fed. Credit Union (In re Taylor)*, 3 F.3d 1512 (11th Cir. 1993)). In that footnote, the Eleventh Circuit concluded that "[r]eaffirmation contemplates a voluntary agreement between a creditor and the debtor whereby a debt which is otherwise dischargeable with respect to the personal liability of the debtor, is renegotiated or reaffirmed by both parties." *Taylor*, 3 F.3d at 1514, n.2. According to the *LeBeau* Court, "[i]t follows then that the re-negotiation by the parties necessarily involves the contemplation of a new contract." *LeBeau*, 247 B.R. at 540.

The basic tenets of contract law provide that a binding contract requires a "meeting of the minds 'by acceptance and performance within the terms of the offer.'" *Otworth v. Florida Bar*, 71 F. Supp. 2d 1209, 1215 (M.D. Fla.1999) (citing *Sumerel v. Pinder*, 83 So.2d 692, 693 (Fla. 1955)). Under Florida law, all parties to a contract must possess a "common or mutual intent to form a binding contract." 11 Fla. Jur. 2d Contracts § 20 (2009). Therefore, it is necessary "that there be a meeting of the minds as to all the essential terms of the contract." *Id.*

Like any other contract, a reaffirmation agreement is "made" when the parties to the reaffirmation agreement have a "meeting of the minds." If the "meeting of the minds" occurs prior to the granting of a discharge, the reaffirmation agreement satisfies the requirements of 11 U.S.C. § 524(c)(1). This is true even if the reaffirmation agreement is not memorialized in a signed writing until after a discharge is granted. *See In re Merritt,* 366 B.R. 637 (Bankr. W.D. Tex. 2007) (finding that a reaffirmation agreement is made "when all parties to the contract have objectively expressed their intention to make the bargain expressed by the contract," and enforcing a reaffirmation agreement which was signed by the creditor post-discharge where the communications

between the debtor and the creditor and the acts and circumstances surrounding those communications establish that a meeting of the minds occurred pre-discharge); *In re Lebeau*, 247 B.R. 537 (Bankr. M.D. Fla. 2000) (holding that a reaffirmation agreement is enforceable as having been "made" pre-discharge where the parties agree to the terms of the proposed reaffirmation pre-discharge but the debtors do not sign a writing embodying the terms of their agreement until after entry of the discharge order).

In this case, a "meeting of the minds" between the Debtor and Wells Fargo clearly occurred prior to the granting of the Discharge. The Debtor and Wells Fargo reached an agreement regarding reaffirmation of the Debt when Wells Fargo sent the Debtor's first attorney a letter confirming that Wells Fargo had the same intent to enter into the Reaffirmation Agreement that the Debtor expressed in his Statements of Intention. That happened in August of 2008, approximately one month after the filing of the Debtor's chapter 7 bankruptcy petition and two months prior to the granting of the Discharge. Consequently, the Reaffirmation Agreement was "made" within the meaning of section 524(c)(1) of the Bankruptcy Code pre-Discharge and, thus, is enforceable under that section.

**2. Filing of the Reaffirmation Agreement**

In addition to requiring that a reaffirmation agreement be made before the granting of a discharge, section 524(c) of the Bankruptcy Code requires that a reaffirmation agreement be filed with the Court. 11 U.S.C. § 524(c)(3). The filing guidelines set forth in Bankruptcy Rule 4008(a) establish a deadline for filing reaffirmation agreements. However, read together, Bankruptcy Rule 4008(a) and Bankruptcy Rule 9006(b)(3) give the Court ample authority to extend the filing deadline.

Pursuant to Bankruptcy Rule 4008(a), "[a] reaffirmation agreement shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the [Bankruptcy] Code. The court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement." Fed. R. Bankr. P. 4008(a). In addition, Bankruptcy Rule 9006(b)(3) permits the Court to enlarge the time for taking action under Bankruptcy Rule 4008(a) to the extent and under the conditions stated in Bankruptcy Rule 4008(a).

Here, the Reaffirmation Agreement was twice filed with the Court—first by the Debtor on February 23, 2009 as an exhibit to the Motion [D.E. 34], and second by Wells Fargo on March 5, 2009 as a stand-alone agreement [D.E. 38].[3] The act of filing the Reaffirmation Agreement satisfied the requirements of section 524(c)(3) of the Bankruptcy Code. Nevertheless, the Reaffirmation Agreement is unenforceable if the Court declines to grant the Debtor an enlargement of time to file the Reaffirmation Agreement because the Reaffirmation Agreement was not filed until after the deadline prescribed by Bankruptcy Rule 4008(a) had lapsed.

Based on the Debtor's offer of evidence by proffer, the Court finds that approval of the Reaffirmation Agreement is in the Debtor's best interest and will not impose any undue hardship on the Debtor or his dependents. Consequently, the Court grants the Debtor an enlargement of time to file the Reaffirmation Agreement through and including March 5, 2009, and approves the Reaffirmation Agreement.

---

[3] The Reaffirmation Agreement filed by the Debtor is not signed by Wells Fargo and is missing certain exhibits, such as a copy of the title to the Monte Carlo. The Reaffirmation Agreement filed by Wells Fargo is signed by both the Debtor and Wells Fargo and, while it includes more documents than the Reaffirmation Agreement filed by the Debtor, does not differ materially from the version of the Reaffirmation Agreement filed by the Debtor.

## CONCLUSION

For the reasons stated above, the Motion is granted and the Reaffirmation Agreement is approved. The Debtor shall file a motion to close case upon this order becoming final. This Court reserves jurisdiction to interpret and enforce the terms of this Order.

####

Submitted by:

Patricia A. Redmond, Esq.
Stearns Weaver Miller Weissler Alhadeff & sitterson, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
(305) 789-3553

(Attorney Redmond is directed to serve a copy of this order on all interested parties and file a certificate of service).